Good morning. If it pleases the Court, Frank Weiser on behalf of the appellants. First, I'd like to start by informing the Court, I believe, although I'm not 100 percent sure, that the Arianos and Ayala have given up their lease. The Arianos still lease from Mr. Patel. Mr. Patel still owns the property and operates the property. I'm not sure about Ms. Ayala, whether she manages it still, but I do want to inform the Court. I don't think that changes standing in any way, because there are damages claims, and certainly Mr. Patel still has standing. He still owns it, and he still leases it. But I did want to inform the Court. Okay. If the Court will just indulge me for a minute, I'm going to defer for a moment the issue about what the scope of the – what I believe the scope of the Inkman Reservation and the writ of mandamus action are on Pullman abstention, and just deal with one issue that I think might be, in my view, paradoxical about Pullman abstention in a case like this. And that is that Pullman abstention is a doctrine that talks about principle of avoiding constitutional issues. When you have constitutional issues that can somehow be limited or mooted or avoided by way of State law issues, those issues should be decided first. The State law issues should be decided first. And that's what – That's exactly my concern about this case. You could have brought a mandamus action in State court, correct, challenging the city council's actions? That's correct. And had the State court agreed with you that the conditional use permit should not have been revoked, the constitutional issues you raise would be at least different. They wouldn't – they would be limited. Perhaps they would be mooted. It really depends on the particular facts. So why isn't that a reasonable – and we review the judge's decision to abstain for abuse of discretion. So why did the judge abuse his discretion under those circumstances? I was going to get to that, Judge Horowitz. It seems to me that what we have here is, is that we have other claims that are not within the scope of permanent abstention. If one takes it just standing alone, the Federal statutory claim under the Federal Fair Housing Act seems to me standing alone, not subject – is not subject to permanent abstention. Why is that? If the conditional use permit was – should have remained in effect, does your Fair Housing Act claim remain? I think the case I cited in my brief, the Knutson Corp. case, which the Nevada Regulatory Commission or Dairy Commission clearly states that if you have a pure statutory claim, it's not a constitutional claim, then permanent abstention is applied. Permanent abstention is a doctrine that arises out of constitutional claims. And if those constitutional claims can be narrowed, as you said, I agree with you, can be narrowed or mooted in some way by the determination of the State claim, then that's correct. Permanent abstention then can be added. But you do agree that your statutory claim would be narrowed or mooted if the conditional use permit were – were reinstated? Assuming our view under it, that's correct. That's true. I agree with that. It seems to me still that the Federal exercise of jurisdiction over the statutory claim pre-trumps the permanent abstention, because permanent abstention is a unique exception to the exercise of jurisdiction. And courts have said constantly that a court has an unflagging obligation to exercise jurisdiction when it exists. So it seems to me when you take the Federal fair housing claim and put it up against permanent abstention, if you have, in fact, jurisdiction over a statutory claim that's not constitutional, the permanent abstention should give – the deference should be to the statutory claim. Now, I was going to make one more point, and that is that Your Honor did indicate that I could have brought it to State court, and that's correct. But I brought it under 28 U.S.C. 1367, which I was permitted – I believe I was permitted to do, and have a Federal court exercise jurisdiction. But over the mandamus claim, that's what's troublesome to me. You've got a State law mandamus claim that seeks administrative review, if you will, of the city council, and you're asking the Federal judge to conduct the administrative review because you also have some constitutional claims that they get you into Federal court. And the Federal judge says, go do it the other way, and then I'll look at your constitutional and statutory claims. Well, my view, my limited view was, is that the 28 U.S.C. 1367, in the old days, before that particular statute was adopted, there would be a wing, as far as comity goes, between the State courts and the Federal courts. But now once Congress enacted the statute, and a court can exercise jurisdiction subject to the limitations of the statute, there's no reason why it shouldn't exercise the jurisdiction. It could simply defer the constitutional issues before it decided the State law. Let me try this one more time. Under 1367C, the discretionary part of the supplemental jurisdiction statute, couldn't the Federal judge have said, I'm not going to hear your mandamus claim. It's a State law claim. I'll hear your constitutional claims, but not your mandamus claim. Well, I don't know if the mandamus claim. Benefit and abuse of discretion? I think the discretion has to be limited. I think the fact is under 1367C, isn't it, that if the State claim somehow predominates over the Federal claims, but I don't think it predominates in this particular case because of the fact that they are intertwined. So I think that certainly there's some discretion given to a Federal judge to decline jurisdiction, but it's within the limits of the statute. And I think it would, because of the fact that the Federal claims are now being deferred and can be deferred for a long time. It seems to me that a Federal judge should give strong weight to the Federal claims over simply abstaining and staying the action over that period of time. Getting to the England reservation, because I think that is also a factor here, I do want to make a concession to Mr. Sewell. I think he stated in his brief that the England reservation would also include issue preclusion. And I think I stated in my brief that I believe the England reservation would not. And I think I was wrong. We both cited, or I think I cited, the San Remo cases. And the last San Remo case that was decided was eventually taken up by the U.S. Supreme Court. I think that was at 545 U.S. 323. That was in 2005, and I believe Justice Stevens wrote a majority opinion. It was 9-0. It was at that time a split between this circuit and the Second Circuit on whether, in fact, the England reservation would include issue preclusion or not. And the Supreme Court actually ruled in favor of this circuit and indicated it would. So I think that settles that issue. But I disagree, respectfully disagree, on the MATA issue, which is the Huntington v. Distelrath. And the reason for that is it's true what Mr. Sewell said. I think he correctly points out that MATA, which Huntington v. Distelrath cited, says that there's no claim preclusion in an administrative mandamus action, simply because it's a special proceeding under state law, but that it can have issue preclusion. It seems to me that MATA is not necessarily controlling for this court. This court would have to decide. MATA was a 1983 action, so the question was the interplay between the administrative mandamus action and the 1983 action, just as it is in this case. But it seems to me this court has to decide whether, under federal law, a mandamus action would have issue preclusion for a 1983 action. I would submit, respectfully submit, that it doesn't for the simple reason that a mandamus action is very limited. Because it's a special proceeding, you have an administrative record. You don't take evidence. There's no cross-examination. A judge has to determine whether the substantial evidence supports the ---- I'm not sure I understand that. You've got an inverse condemnation claim that's based on inappropriate revocation of the special use permit, correct? Correct. And if the state courts hold that the revocation was appropriate in the mandamus action, why wouldn't that preclude your inverse condemnation claim? Well, I think under state law, you have to first lift the order for your inverse condemnation claim to go forward. So if you can't do that, I think that's correct under state law, the inverse condemnation claim. And it would be preclusive. But I don't think that's the law under federal law. And I think under federal law, under the Penn Central factors, you can have a constitutional order, but there could still be a taking under federal law. The problem is, I think, what complicates it even more is the San Remo case now establishes that the state constitution is congruent with the federal constitution under the takings clause. So while it's true that there is state law out there that says you have to first lift the order before you can go forward in your inverse condemnation claim, the federal claim under federal law, as I understand it, you would not necessarily have to do that. You could have a taking. It might be hard to prove, but you could have a taking under federal law under the Penn Central factors. But putting aside the inverse condemnation claim, Judge Rayall did not, and I think correctly, he did not dismiss that. And I think he probably did it in light of the San Remo case. Normally what you saw in the old days is that the inverse condemnation claim would be dismissed with the writ. But it wasn't in this case. So all we have is the writ. And the issue is, what is the effect of the writ in state court or under state law on the 1983 action? And I don't think a 1983 action is a de novo action. You have a right to a jury trial. You have a right to produce evidence. I don't believe a special proceeding can have issue preclusion under 1983. Okay. Thank you. Thank you. Good morning, Your Honors. May I please the court? Charles Sewell for Appellee City of Los Angeles. In this matter, the district court did not abuse its discretion in regards to Pullman abstention. And on the issue of whether the state law determination would moot or narrow the federal issues, in this case we would argue that a state determination on the mandamus claim would moot, narrow, or obviate all of the federal claims, irrespective of which way it went. The city believes that the revocation of the condition of use permit will be upheld on mandamus. But either way, if it's upheld, why couldn't that be a taking under Penn Central, a regulatory taking? If the revocation were upheld? Well, there's no requirement under Pullman abstention that the resolution of the state law issue determine every federal claim. I don't have the answer to that, whether that would obviate the claim. This is the statement you made. You made a statement. You said it moots the federal claim either way. That's what you said. So I was testing one of those two prongs. Let's say they uphold the revocation. Why doesn't that preserve the regulatory taking claim? If the revocation is upheld, Your Honor is saying that the takings claim would be obviated? I'm not saying anything. I'm not saying anything. I asked you a question. You made a statement saying either way the federal claims would be mooted. So I was you know, that's a two-pronged argument, right? It says if it goes this way, it's moot. If it goes that way, it's moot. So I was just going down one of the paths that you opened. So I'm saying, okay, let's go down the path. They uphold the permit. Why does that moot a regulatory taking claim? Is the question clear? I understand. Just answer it. My answer may not be clear. The question is, if the conditional use permit is You don't have to restate the question. I'm just doing that for my own purposes. Just think quietly. Just think in your mind and come up with an answer. If the conditional use permit is valid, then there is no takings claim, state or federal. So that claim is mooted. Say you. Why? The allegations in their complaint are that the inability to use their property for its economic, for its full economic potential is the basis of the takings claim, which was caused by the revocation of the conditional use permit to operate a regulatory. You're still thinking out loud. I want an answer. Why isn't the denial of permit? They're saying you can't use this. They have a claim saying not being able to use this makes the property worthless under Penn Central. We have a claim. Now, you may dispute the claim. You may think the claim is going to lose. But we're talking mootness. We're saying what you said, which is we're still talking about, is either way the claim becomes moot. And I say how? Mooted or narrowed. Potentially, if the CUP is valid. Okay, I'm sorry. I'm sorry. So you're changing your statement from earlier. No, no, I'm trying to refine my statement. What I intended to say, and I may not have said it artfully, is that all of the federal claims are either obviated or mooted either way. I'm sorry. What is the difference between obviated and mooted? Those are essentially synonymous. So I could say that they're either mooted or presented in a different posture or narrowed as the cases in this circuit. How is that? How is a takers' claim any different? I mean, you know, they have a takers' claim. They say that we're not able to use our property. You remember Penn Central, right? Yes. Okay. That's exactly what a regulatory taking claims looks like. You can have a permanent regulatory taking. You can even have a temporary regulatory taking. If they deny a permit for a while and then it turns out it's reversed and you can't use the property for a while, it's possible. Now, we can, you know, whether they can win doesn't bear on mootness, right? Correct. The fact that they may well lose doesn't make the case moot. Correct. Okay. So I'm still having a lot of difficulty understanding how the case becomes moot. The answer is that it doesn't. Pardon? It doesn't become moot. It may be a different case, but it doesn't become moot. Is that fair? Well, certainly. Don't just say certainly because I said so. Tell me why. Well, if the CUP is valid, there is no takings claim. Well, that's not true. There could be a temporary taking. There could be a temporary taking. And that's not what they pled, but that would present the inverse claim in a different posture. Yes, and I guess that's... It would be a permanent taking. It would be, if anything, a temporary taking. You are the one who chose to start off by saying the claim becomes moot either way. Yes. That was how you started your argument. Now, you could phrase your argument a different way. I was just stopping you at your first statement, okay? Do you want to just start over again? I would like to start over. Why don't you start over again, okay? Why don't you sort of... What's your name? Charles Sewell. Okay. You're presenting? Appellee, City of Los Angeles. You may proceed, Mr. Sewell. Thank you, Your Honor. You've got 4 minutes and 18 seconds left. Pullman abstention criteria have clearly been met in this matter. The complaint involves... Doesn't... Haven't we said that this is an extraordinary, narrow... I mean, the Supreme Court told us it's an extraordinary and narrow exception, the duty of the District Court to adjudicate controversy properly before it? And don't District Courts have... Federal Courts have a well-nigh unflagging duty to resolve federal claims? Unless it involves a sensitive area of social policy such as land... But that's not enough. There are 3 requirements. Yes. Just having a sensitive area of social policy doesn't do it. It's not like divorce. Right. Divorce, we just can't touch it at all, or succession, you know, estate planning, all that stuff. That's... But this has to... There has to be a... There are 3 requirements that need to be met. And how is it that the second of these requirements is met here? In this matter, it's a land use matter. It's the revocation of a conditional use permit. The fact that a land use matter is a sensitive area has been established law since 1976. The cases of Santa Fe versus the city of Chula Vista had an inverse state and federal claim. And the court exercised abstention on the basis that the underlying mandamus claim would resolve some of the federal constitutional adjudication. None of the cases require that a definitive state determination... Those... There's... First of all, I would reframe that by saying Pullman does not require that the state determination moot or narrow every constitutional issue. Pullman can't be defeated by including a claim such as an inverse claim, although the cases on point, Santa Fe, Rancho, which was a federal and state takings claim, involved inverse condemnation claims. Can a federal court abstain because a state determination will moot or limit or redefine a federal statutory claim? I'm unaware of any case on point that says that it's required that Pullman abstention... A state law determination would moot a statutory claim. Pullman abstention is never required. I'm asking if you... Can a federal court abstain in order... Because a state law determination will either moot or change the scope of a federal statutory claim? In other words, let's assume I'm making a claim that I was inappropriately fired from my job under Title VII. And there's a state law proceeding which will determine whether or not the facts... A merit system proceeding, for example, that might decide whether or not I was appropriately fired or not. Can the federal court abstain pending... Put aside exhaustion requirements. Can it abstain pending the resolution of the state law proceeding? If the state law proceeding would narrow the issues or because a claim preclusion or issue preclusion... You don't have any case saying that, right? I have no case either way. But I believe in this matter... Well, no, you took a position. You answered Judge Holmes' question saying, yes, there would be abstention. I'm saying you can't solve this case for that proposition. I can't. Do you have any authority? Do you have a treatise? I do not. On the issue of the fact that there's a federal statutory claim and whether Pullman can apply, I'm unaware of any case law in this circuit that says you cannot do Pullman when there's a federal statutory claim. Go back to your first assertion. Your first assertion was if it narrows at least one constitutional claim in the case, then the court can abstain on everything. Do you have a case for that? The case is on point. Santa Fe versus the city of Chula Vista, it was – abstention was upheld in that matter on the basis that the city had rezoned the plaintiff's property. What were the claims? Pardon me, Your Honor? What were the claims abstained from in that case? It stayed in federal inverse condemnation, declaratory relief, and there was an administrative mandate claim filed in that case. No federal statutory claims? There was a federal inverse claim. And in – I'm sorry. I say potato and you say potatoe. Did you hear what I said? No federal statutory claim. No federal – on the issue of the statutory claim, there was none. Okay. Briefly, I could say that the Federal Fair Housing Act claim discusses discriminatory intent and disparate impact. If it were determined that the city's revocation of the CUP were valid for a public safety reason, this was revoked under a public safety statute, an administrative nuisance, that would narrow the issue of discriminatory intent for purposes of the statutory claim. So applying the rationale and the logic of Pullman, it applies to both the federal claims, to the federal constitutional and the statutory claims. Is it a matter of what? Regulatory card or what? Potentially issue preclusion. But there's no requirement in Pullman.  Will an administrative decision as to a finding of intent like that be precluded an issue in a federal claim? A factual issue? It could. The issue of the validity of the C, of the revocation – No, you talk specifically about the question of whether there was a discriminatory intent. And you say, well, if the permit of this revocation is upheld, then that would preclude any argument, as I understand your argument, or you're saying, that this is discriminatory, because if it's valid, it's not discriminatory. I take it that's what you were arguing. And I was focusing on the fact that that would be an administrative determination. And does an administrative determination by an administrative tribunal preclude a similar federal claim that you would normally have entitled to a judicial and perhaps a jury determination? It wouldn't necessarily preclude the claim, but it could be dispositive of that issue if it were fully and fairly litigated at the state level. And that issue being litigated, the issue of the validity of that public safety action? Even though it's decided in an administrative proceeding? Correct. If it were a 1094.5, yes, it could. If it were fully and fairly litigated and came to a final decision, that issue itself could qualify for issue preclusion. This would be administrative preclusion? On the state court proceeding on the local land use matter. Okay. And I would like to cite briefly to Rancho Palos Verdes v. City of Long Beach. That was also a 42 U.S.C. 1983 claim with equal protection and due process constitutional grounds and a state and federal inverse claim like we have here, almost identical on point. And this court found that it was not an abuse of discretion to abstain pursuant to Paul. Thank you. Thank you, Your Honor. We are out of time. Would you like to take a minute for rebuttal? Just one minute, Your Honor. Thank you. The Knutson case cites Proper v. Clark, a 1949 U.S. Supreme Court case. It didn't create an ex nihilo. The Proper v. Clark case specifically said in Pullman abstention, I believe the statutory claims are exempt from that under Pullman abstention. So I would just cite to that, Your Honor. Okay. Thank you. The case is arguably stand submitted.
judges: Kozinski, Christen, Hurwitz